# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **CORY DARNELL JOHNSON** | **NO.: 19-00089-BAJ-EWD** |

## RULING AND ORDER

Before the Court is Defendant's **Motion to Suppress (Doc. 17)**, seeking to suppress an alleged illegal search and seizure in which a firearm possessed by Defendant was recovered. Defendant asks the Court to find that he has standing to challenge the search of the vehicle of which he was a passenger. For the reasons that follow, Defendant's **Motion** is **DENIED**.

I. BACKGROUND

On February 16, 2019, Defendant was arrested by Zachary Police Officer Daulton Rainwater, who was monitoring traffic on LA Hwy 67 from the parking lot of Pierce Automotive when he observed the passenger of a 2006 grey Honda Accord not wearing a seatbelt as the car traveled southbound on the highway. After conducting a traffic stop on the vehicle, Officer Rainwater claimed he smelled a strong odor of marijuana coming from the vehicle. Defendant was the passenger.

After collecting identification from both the driver and the Defendant, Officer Rainwater asked the driver, Benniesha Brown, to step out of the vehicle. Officer Rainwater asked Brown if there were any illegal substances in the vehicle. (Doc. 22

1

at p. 3). The Government claims that Brown denied the presence of illegal substances inside the vehicle. The Government further claims that Brown admitted that there was a gun located inside of her backpack and that the gun belonged to her boyfriend, the Defendant. (Id.)

The Government asserts that after learning that Defendant had been convicted of a felony, Officer Rainwater approached Defendant and advised him of his *Miranda* rights. Officer Rainwater claims that Johnson advised him that there was a 9mm handgun inside the vehicle. Officer Rainwater proceeded to conduct a search of the vehicle due to the strong odor of marijuana and the statements about the gun. During the search, Officer Rainwater found a loaded 9mm handgun that Defendant allegedly admitted to purchasing "off the streets" (Doc. 22 at p. 3).

On July 24, 2019, Defendant was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). In his Motion to Suppress, Defendant contends that the traffic stop was not supported by probable cause and that the subsequent search was not permissible as one of the established exceptions to the warrant requirement. The Court conducted an evidentiary hearing on the Motion to consider the issue of standing.

## II. DISCUSSION

Defendant argues that the search of the vehicle lacked consent, probable cause and a valid warrant. Warrantless searches are per se unreasonable under the Fourth Amendment unless the Government proves that the search meets one of the established exceptions. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022

2

(1971). The Government bears the burden of proof that a search is valid when no warrant has been issued. See *Welsh v. Wisconsin.* 466 U.S. 740, 749-50, 104 S.Ct. 2091, 2097 (1984).

The Government advances four arguments in response to the Motion: 1) Defendant lacks standing to challenge the search of the vehicle; 2) the initial stop was based on reasonable suspicion that a traffic violation occurred; 3) the investigation did not last longer than necessary to effectuate the purpose of the stop before additional reasonable suspicion was developed; and 4) the officer had probable cause to search the vehicle. Due to the restricted scope of the hearing, the Court will only address whether Defendant has standing to challenge the search.

**A. Whether Defendant Has Standing to Challenge the Search**

Defendant was a passenger in the vehicle which belonged to and was driven by his girlfriend, Brown. Defendant argues that he has standing to challenge the search because he has an ownership and possessory interest in the vehicle. The Government asserts that Defendant lacks standing because he lacks an expectation of privacy and a possessory interest in the vehicle that was searched.

Rights conferred by the Fourth Amendment are personal in nature and cannot bestow vicarious protection on those who do not have a reasonable expectation of privacy in the place to be searched. *Minnesota v. Carter*, 525 U.S. 83, 101, 119 S.Ct. 469, 479 (1998) (citing *Steagald v. U.S.*, 451 U.S. 204, 219, 101 S.Ct. 1642 (1981). The Supreme Court of the United States established a two-prong test to determine whether a defendant has standing to bring a Fourth Amendment challenge to a

search: (1) whether the defendant is able to establish an actual subjective expectation of privacy with respect to the place being searched or items being seized, and (2) whether that expectation of privacy is one which society would recognize as objectively reasonable. *U.S. v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990)(citing *Rakas v. Illinois,* 439 U.S. 128, 151, 99 S.Ct. 421,434 (1978)). To determine whether a passenger has an objectively reasonable expectation of privacy, courts consider "whether the defendant has a possessory interest in the thing seized or the place searched, whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy, and whether he was legitimately on the premises." *United States v. Gomez*, 276 F.3d 694, 697-98 (5th Cir. 2001).

At the evidentiary hearing, Officer Rainwater confirmed that the vehicle is only registered in Brown's name. The Government sought to establish that the absence of Defendant's name on the registration is dispositive that Defendant lacked a reasonable expectation of privacy as well as a possessory interest in the vehicle. Defendant testified that although his name is not on the registration, he still has a legitimate possessory interest in the vehicle. Defendant testified that he and Brown have cohabitated and raised kids together for the last decade and that he helped her select the vehicle. Defendant also testified that he paid around $2,000 for the vehicle, which was several years old when purchased, and that he had unfettered access to car, complete with his own key.

In the post-hearing brief, the Government contends that Defendant failed to meet his burden to establish standing at the hearing. The Government relies on the fact that Defendant is not the registered owner of the vehicle and that he was not driving during the traffic stop to assert that Defendant lacks a possessory interest in the vehicle. In his post-trial brief, the Defendant again asserts proof of his possessory interest. To satisfy the first prong of the analysis, Defendant asserts that his expectation of privacy arises from his financial contributions and independent use of the vehicle with Brown, with whom he has cohabitated for several years. Defendant further asserts that societal norms have shifted to recognize joint ownership of things by unmarried, cohabitating couples to satisfy the objectively reasonable requirement of the second prong of the analysis.

In *United States v. Pack*, 612 F.3d 341 (5th Cir. 2010), the Supreme Court acknowledged that a passenger of a vehicle can challenge the validity of the traffic stop. Generally, however, a passenger lacking a propriety or possessory interest in a searched vehicle has no reasonable expectation of privacy in the vehicle itself. *See Rakas v. Illinois*, 439 U.S. 128,148, 99 S.Ct. 421,433 (1978); *See also United States v. Roberson,* 6 F.3d 1088, 1091 (5th Cir. 1993). Recently, the United States Court of Appeals for the Fifth Circuit, relying on *Rakas v. Illinois* and its progeny[1], identified factors to consider when evaluating the possible existence of a possessory interest of

---

[1] *United States v. Greer*, 939 F.2d 1076, 1093 (5th Cir. 1991)(found that Defendants lacked an ownership interest in vehicle searched); *United States v. Riazco*, 91 F.3d 752,754-55 (5th Cir. 1996) (found that Defendant did not rent the vehicle, was not listed in the rental agreement, and had not been given permission by the renter or rental company to drive the vehicle). *United States v. Iraheta*, 764,764 F.3d 455 (2014) (held that joint access, control, or authority over place searched may constitute standing to challenge a search).

5

a passenger. In *United States v. James*, 770 Fed.Appx. 700 (5th Cir. 2019), the Fifth Circuit considered whether Defendant owned, rented, drove, or had control or authority over the car. The Fifth Circuit underscored that the analysis of whether a possessory interest exists in a vehicle does not rest solely on the issue of whether the vehicle is registered to a defendant.

The Court finds that Defendant failed to produce evidence to support his contention that he was more than a mere passenger. Defendant testified to making a significant contribution towards the purchase of the car, maintenance payments, unfettered access to the vehicle, and ownership of a car key. Although he provided testimony on these matters, Defendant failed to produce corroborating evidence and witness testimony, such as that of the registered owner of the vehicle. The absence of Defendant's name from the registration is not dispositive of the absence of his possessory interest; however, it was critical for Defendant to present *some* corroborating evidence to establish that he had a possessory interest in the vehicle and a reasonable expectation of privacy at the time of the search. Without such corroborating evidence, the Court is unwilling to credit Defendant's unsupported and unsubstantiated testimony.

In consideration of the factors identified in *United States v. James*, the Court finds that Defendant did not have a possessory interest in the vehicle. The Court finds that Defendant did not own the vehicle, which was evident from the absence of Defendant's name from the vehicle registration. Moreover, due to Defendant's failure to provide evidence of a key, unfettered access to the vehicle, and the making of

payments for the vehicle and maintenance, the Court also finds that Defendant did not have control or authority over the vehicle.

Also, the Court finds that Defendant has failed to establish an actual, subjective expectation of privacy with respect to the car, and that his expectation of privacy is one which society would recognize as objectively reasonable. Thus, Defendant lacks standing to bring a Fourth Amendment challenge to the search of the vehicle.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Suppress (Doc. 17)** is **DENIED**.

Baton Rouge, Louisiana, this 9th day of December, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**